

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD NASH, ) <br> ) <br> Plaintiff, ) <br> ) No. 09 C 1357 <br> v. ) <br> ) Judge Charles P. Kocoras <br> LIFE INSURANCE COMPANY OF ) <br> NORTH AMERICA, an Illinois ) Magistrate Judge Susan E. Cox <br> corporation, and GROUP LONG TERM ) <br> DISABILITY INSURANCE PLAN FOR ) <br> ADMINISTAFF OF TEXAS INC. AND ) <br> PARTICIPATING COMPANIES, a group ) <br> welfare benefits plan under ERISA, ) <br> ) <br> Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

The issue before this Court originates from a case that is currently pending in the Southern District of California. In May 2008, plaintiff Todd Nash ("Nash") filed suit against Life Insurance Company of North America ("LINA") for terminating his long term disability benefits in violation of the Employee Retirement Income Security Act ("ERISA").[1] In 2003, Nash became disabled from his occupation at Morpho Technologies and his insurer, LINA began making benefit payments less the amount he was receiving from the Social Security Administration. LINA continued to make benefit payments until December of 2005, after which they declined to continue making payments on the basis that Nash was no longer "disabled." In relation to Nash's complaint filed in California, he now comes before this Court to compel disclosure of information by third party, PhotoFax, in light of their involvement in LINA's decision to terminate his benefits.

---

[1] *See Nash v. Life Ins. Co. N. Am.*, 08 cv 0893, (S.D.Ca. May 20, 2008).

## I. Background

Plaintiff alleges that in October 2005, LINA hired PhotoFax, a nonparty, to conduct surveillance on Nash in San Diego for a period of eleven hours each day for five consecutive days, spanning from October 25-29, 2005. PhotoFax then wrote a report on its findings and sent it to LINA along with excerpts of noncontinuous footage from their video surveillance of Nash totaling 240 minutes. After receiving the written report, LINA, upon consideration of additional factors, decided to terminate Nash's benefits on the basis that he was no longer disabled. Nash then proceeded to appeal LINA's decision. After three unsuccessful rounds of appeals, each citing the PhotoFax report to varying degrees as a basis for their denial, Nash filed this case. Throughout the entire process of appealing LINA's decision, Nash continued to request full disclosure of all surveillance footage collected and supplied by PhotoFax to LINA, and continued to argue that the incomplete and inaccurate report made by PhotoFax was a mischaracterization of the facts LINA used to make its determination. Despite these repeated requests, PhotoFax consistently refused to disclose the complete record of surveillance and only disclosed to Nash the "edited" version of the video that had been submitted to LINA.

Following the filing of this suit, in October 2008, plaintiff served PhotoFax with a subpoena and requested "copies of any and all writings or documents or things, including electronically stored information, that relate to PhotoFax's investigation and surveillance of Todd Nash" along with a list of specific items to be included in the request.[2] PhotoFax, represented by the same counsel as defendants, objected to the subpoena as a whole, arguing that ERISA does not allow discovery and that the purpose behind the subpoena was to harass PhotoFax in retaliation for plaintiff losing his

---

[2]*See* Ex. 5, Subpoena For Production of Documents to PhotoFax, Pl. Motion to Compel.

trespass action against PhotoFax. In addition to those general objections, Photofax has specifically objected to every request in the subpoena made by Nash on the grounds that the information is privileged, involves trade secrets, and is overly broad and irrelevant. PhotoFax's complete objection to produce any documents sought by the subpoena is the basis for Nash's present motion to compel disclosure by PhotoFax.

After plaintiff filed the present motion, PhotoFax filed its response. In addition to the original objections made, PhotoFax now, and for the first time, argues that all video surveillance recorded of Nash has already been turned over to him, along with all of the invoices between PhotoFax and LINA. Essentially, PhotoFax now claims that there is nothing more that can be produced.

## II. Analysis

Both parties, and nonparty PhotoFax, dispute the standard of review to be applied by the district court. While that issue is not before this Court, it does bear importance on determining whether additional discovery should be compelled by PhotoFax. Based on the facts before this Court, there is no dispute that PhotoFax has refused to disclose all relevant documents, including instructions that it may have obtained from LINA prior to submitting its report to them. It is also not disputed that from the time of Nash's administrative review of LINA's decision he has not been able to access this information or the complete video surveillance that was collected (prior to editing) from PhotoFax. In essence, he has been denied the ability to access the information that was used to make the report submitted to LINA and, thus, as plaintiff alleges, has not had the opportunity to effectively challenge those findings during the administrative hearing. All of these facts are relevant to the district court's decision as to which standard of review to apply. Accordingly, any decision to open or limit discovery prior to such a ruling requires careful review of the facts involved in each

party's claims and defenses.

In both the Seventh and Ninth circuits, additional discovery may be allowed under ERISA depending on the circumstances of the specific case and the level of review being applied by the district court.[3] When the court reviews the case using a *de novo* standard, supplemental evidence can be submitted in addition to the administrative record.[4] When the court uses the "arbitrary and capricious" review standard, limited discovery can be permitted when there is an alleged conflict of interest supported by an instance of misconduct by the plan administrator.[5]

In making a conflict of interest claim under the arbitrary and capricious standard, the Seventh Circuit requires that the claimant make out a prima facie case showing that there is good cause to believe that limited discovery will reveal a procedural defect in the plan administrator's determination."[6] Some of the procedural defects that have expanded discovery from the administrative record include issues of whether a party had a chance to present their evidence in the ERISA administrative proceeding,[7] or where there was "doubt that the application was given a genuine evaluation."[8] Because in this case, both of these allegations have been made by plaintiff and have been supported by a good faith prima facia case, this Court grants plaintiff's motion to compel disclosure by PhotoFax. Barring the discovery of additional evidence on the basis of the standard of review would be arbitrary and premature. The Court will now more fully address each PhotoFax objection.

---

[3]*Abatie v. Alta Health & Life Ins. Co.*, 458 F. 3d 955, 969 (9th Cir. 2006);*Patton v. MFS/Sun Life fin. Distrib., Inc.*, 480 F.3d 478, 490-92 (7th Cir. 2007).
[4]*Abatie*, 458 F.3d at 969.
[5]*Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 815 (7th Cir. 2006).
[6]*Semien*, 436 F.3d at 815.
[7]*Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994).
[8]*Semien*, 436 F.3d at 813.

## A. PhotoFax's Objection Based on Relevance

PhotoFax objects to several of the requests contained in the subpoena on the basis that they are irrelevant to plaintiff's claim of procedural conflict of interest. It is clear to this Court that Nash challenges the accuracy of PhotoFax's report and record of surveillance as documented in the administrative record. In his complaint, he argues that the incomplete instances of surveillance over a span of five days, the failure to capture any surveillance of him doing activities similar to those required by his occupation, and the failure to have the video reviewed by his doctor, make the report and surveillance collected by LINA unfair and incomplete to rely on. Plaintiff argues that by PhotoFax denying Nash the ability to review all the information used to write its report and denying any information detailing the relationship between PhotoFax and LINA, he has been left with no means to challenge the alleged defects involved in writing the report and alleged bias relationship that he claims exists between both parties.

In deciding whether to permit discovery and whether information is relevant, the court considers the most important factor to be "whether the evidence [sought] is 'necessary' to an 'informed and independent judgment' on the parties claims and defenses, which will obviously depend on the nature of the claims and whether the administrative record was 'relatively undeveloped' with respect to those claims."[9] Thus, when the record lacks certain information that is relevant to plaintiff's challenge of the administrator's decision, and the district court chooses to not allow additional discovery, the Seventh Circuit has reversed the decision on the ground that the court "chose to make an arbitrary decision rather than an informed one."[10] The court explained that

---

[9] *Patton*, 480 F.3d at 491 (quoting *Casey*, 32 F.3d at 1099).
[10] *Patton*, 480 F.3d at 491 (reversing the lower court's denial to allow additional discovery in an ERISA claim and where there was no standard of review recited in its reasoning to justify the denial).

"[b]ecause Plaintiff ha[d] no access to the type of information that would either support or undercut defendant's argument...because all of that information lie[d] exclusively within the control of the Defendants, a potential gap in the record exists and it is impossible for the Court to determine whether Plaintiff's claim was fully and fairly evaluated without affording Plaintiff the opportunity to conduct limited discovery..."[11]

From the beginning, voluntary disclosure was made impossible by the defendant and PhotoFax. For PhotoFax and LINA to bar the information Nash sought to have disclosed during the administrative proceedings and then argue that if information is not contained in the administrative record, it cannot be discoverable is a misinterpretation of ERISA. PhotoFax and LINA's refusal to produce any additional information into the record has created a gap in the record which makes it difficult to ascertain that the review given was complete and fair. Moreover, the information sought also relates to the claims he makes and there is no other way to get the same information because it lies exclusively in the hands of both PhotoFax and LINA. Their actions in concert along with their representation by the same counsel only underscores the relevancy of their relationship in light of Nash's claim. Under these circumstances, therefore, and because ERISA requires that a "full and fair assessment" of the claim made by the plan participant be made, the relationship between third party PhotoFax and LINA is relevant to the inquiry of whether a procedural conflict of interest existed.

In relation to PhotoFax's desire to differentiate a third party's requirement to produce documents from the defendant's, the Court does not find such an argument persuasive in the context of this case. In a very similar ERISA case involving additional discovery by a third party used by the defendant to perform actual vocational rehabilitation examinations for beneficiaries, the court

---

[11]*Young*, 498 F.Supp.2d at 1107 (citing *Patton*, 480 F.3d at 492-93).

granted additional discovery.[12] In that case, the plaintiff's claim was based on the defendant's denial to continue long term disability benefits when it relied on a report that was written by an alleged biased expert. For that reason, plaintiff argued that there existed a conflict of interest.[13] In granting discovery, the court limited the request to those allegations that were supported by additional facts. The limited discovery was to include those documents that would discuss the contractual relationship between the third party and defendant, statistical data about the number of claims reviewed by the third party and the number of denials that resulted, and financial payments paid annually to defendant.[14] Applying these facts to this case, here we find that Nash's requests are narrowly tailored to only produce evidence of the relationship between both parties, as it relates to him, and that Nash has shown a prima facia case to support the allegations made in his complaint to open discovery.

The only request that appears overly broad and, thus, irrelevant is the request for each resume and/or CV of all personnel at PhotoFax involved in surveillance of Nash. While the information may be relevant to plaintiff's claim, he has not supported this request with facts to make it discoverable. The cost of exposing such personal information, that is not directly relevant to the core issue in this case, will not justify disclosing it.[15] "[D]iscovery should be allowed only where the benefits of increased accuracy exceed the cost."[16] Notwithstanding the denial to compel disclosure of the resumes and CV's for employees at PhotoFax, all other objections for relevance and over-breadth are unfounded.

---

[12] *McQueen v Life Ins. Co. of N. Am.*, No. 07-283-JBC, 2008 WL 631198 at *1 (E.D.Ky. March 4, 2008).
[13] *McQueen*, 2008 WL 631198 at *1.
[14] *Id.*
[15] *See Patton*, 480 F.3d at 492.
[16] *Id.*

## B. PhotoFax's Objection based on Completeness

Subsequent to PhotoFax's initial objection that the information was proprietary and privileged, PhotoFax now argues that the video submitted to LINA is the complete video and nothing more exists. This position is unconvincing for the following two reasons. Over the last three years that this surveillance footage has been the basis for defendant's denial to continue long term disability benefits to Nash, PhotoFax has never, until now, stated that the video plaintiff has in his possession was the complete surveillance taken by PhotoFax.[17] Instead, they have always objected to turning over any more footage on the grounds that it was privileged, confidential, and copyrighted. If the video turned over was, in fact, the complete video, why did PhotoFax not make this objection sooner. Moreover, the four hours of surveillance that was turned over occurred over a span of five days, with each day of observation spanning a time period of at least eleven hours each day. That means that there could have been, potentially, fifty-five hours of video surveillance. It does not seem realistic for a company that has been hired to do surveillance, and write a subsequent report, to only have recorded less than one hour of activity from each day. If that is indeed the case, then it would only further support plaintiff's position that the methods relied on by LINA may have lacked in a "full and fair" assessment (as required under ERISA) of Nash's disability claim and it would be prejudicial to make a determination on such inadequate records.[18] Without a reasonable explanation to reconcile the "new" position taken by PhotoFax, their position appears to only hinder the fact-gathering process.

---

[17] *See* Ex. 7, Plaintiff's Motion to Compel [dkt 1].
[18] *See* 29 U.S.C. §1133.

## C. PhotoFax's Objection based on Privilege and Trade Secret/Proprietary Information

PhotoFax's final objection to the requested documents and remaining surveillance footage is that the information is private, privileged, and containing trade secrets and proprietary information. To begin with, it is impossible to understand how video surveillance and photographs of Nash documenting his movements and actions would be too confidential and private for him to obtain. The surveillance that he seeks is only that of himself, so it is also unclear who would claim the privacy violation. There is also no basis or explanation provided to support why any of this information would be copyrighted, proprietary or containing trade secrets. Instead, PhotoFax claims a privilege on all of the requested information and does not explain any rationale or distinguishing characteristics to separate what may be privileged from what is discoverable. All of the information Nash requests is footage of himself and is what PhotoFax ultimately used to write the report that LINA relied on in their denial of benefits. For PhotoFax to have legitimately asserted the privilege, counsel first should have produced a privilege log explaining why specific information or documents were not being disclosed in the production. For these reasons, the Court does not recognize that there exists a privilege, trade secret, copyright or proprietary information in the requested documents and overrules PhotoFax's objection on that basis.

## D. PhotoFax's Objections based on Plaintiff's Bad Faith Motives

In addition to the objections discussed above, counsel for PhotoFax also alleges that plaintiff's motive in bringing this motion to compel was acted on in bad faith. The Court finds these allegations to be disingenuous. PhotoFax's argument that plaintiff's motion to compel is only "to harass" PhotoFax and "retaliate" after "losing" in other litigation between them ignores the facts involved in this motion and appears to only serve as a distraction from the issue. Nash has repeatedly

attempted to get this information throughout the administrative review with LINA - and prior to other litigation filed - only to be unrelentingly denied. Regarding the inaccuracies PhotoFax references in plaintiff's papers, the Court finds those to be more akin to mistakes rather than misrepresentations of the law.

## III. Conclusion

For the reasons stated above, plaintiff's motion to compel is granted in part [dkt 1]. PhotoFax is to produce all surveillance footage and still photographs of Nash (whether or not submitted to LINA) along with its final report, and all documents requested by Nash in his subpoena. The motion is denied as to all resumes and CV's of employees at PhotoFax involved in the review or collection of surveillance of Nash.

**IT IS SO ORDERED**

**ENTERED: April 29, 2009**

UNITED STATES MAGISTRATE JUDGE